UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT TOUSSAINT,

                                                 Plaintiff,

                                             v.

JOHN DOE 1, Five Points Correctional Facility, et al.,

                                               Defendants.
_____

DECISION AND ORDER

23-CV-6622DGL

      *Pro se* plaintiff Dwight Toussaint commenced this action by filing a complaint in the United States District Court for the Northern District of New York, asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff asserted claims against several defendants, arising out of events that occurred during his incarceration of various correctional facilities in New York.

      On October 27, 2023, District Judge Lawrence E. Kahn of the Northern District issued a Decision and Order (Dkt. #4) pursuant to 28 U.S.C. § 1915A that, *inter alia*, severed and transferred to the Western District of New York all of plaintiff's claims relating to his incarceration at Five Points Correctional Facility, Lakeview Correctional Facility, and Attica Correctional Facility. All of those facilities are located in this district.

      On June 24, 2024, defendants filed a motion for summary judgment (Dkt. #12). In an Order entered June 25, 2024 (Dkt. #13), plaintiff was given until July 26, 2024 to file a response to the motion. He has not done so.

DISCUSSION

I. Plaintiff's Failure to Respond to the Summary Judgment Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

The Court of Appeals for the Second Circuit has stated that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the possible consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). In the instant case, defendants' notice of motion for summary judgment (Dkt. #12-2) and the Court's June 25, 2024 text order (Dkt. #13), a copy of which was mailed to plaintiff at his address of record, gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. Since plaintiff has not filed any response, the Court may therefore accept the truth of defendants' factual allegations and determine whether defendants are entitled to summary judgment. *Johnson v. Annucci*, 314 F.Supp.2d 472, 474-75 (W.D.N.Y. 2018).[1]

---

[1] The most recent communication received from plaintiff was a notice of change of address filed on January 22, 2024 (Dkt. #7). A copy of the Court's June 25 text order was mailed to plaintiff at that updated address.

**II. Plaintiff's Failure to Exhaust Grievances**

Defendants argue that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. Defendants are correct.

The Prison Litigation Reform Act ("PLRA") requires inmate litigants to exhaust their administrative remedies before filing suit under § 1983. *See* 42 U.S.C. § 1997e(a). To satisfy the PLRA's exhaustion requirement, a New York prisoner is generally required to follow the prescribed three-step grievance procedure set forth at 7 N.Y.C.R.R. § 701.5. *See Morrison v. Hartman*, 898 F.Supp.2d 577, 581 (W.D.N.Y. 2012). In short, that procedure comprises the filing of a grievance and two levels of appeal from any adverse decision. *See Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006); *Animashaun v. Afify*, 470 F.Supp.2d 294, 295 (W.D.N.Y. 2020). The final step in the process is an appeal to the Central Office Review Committee ("CORC"). All three steps of the process must ordinarily be completed before an inmate may bring suit in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2006); *Morrison v. Hartman*, 898 F.Supp.2d 577, 581 (W.D.N.Y. 2012).

In the case at bar, defendants have submitted proof, in the form of DOCCS records, showing that plaintiff never exhausted any grievances relating to the matters at issue in this case. *See* Decl. of Hillel Deutsch (Dkt. #12-3) Exs. 1, 2. It is evident that plaintiff did not file any grievances at all as to some incidents, and that he did not appeal to CORC as to others. In addition, as set forth in defendants' memorandum of law (Dkt. #12-4 at 5-6), even if plaintiff had exhausted his grievances as to the incidents involving defendant Gates in 2020, the three-year statute of limitations on those claims expired in January 2023, prior to plaintiff's filing of the

3

complaint in August of that year.  Since defendants' proof stands unrebutted, the Court concludes that defendants are entitled to summary judgment on all of plaintiff's claims.[2]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #12) is granted, and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 16, 2024.

---

[2] The complaint names a number of "John Doe" defendants as well as the named defendants.  All of the claims, however, arise out of the same incidents.  Since plaintiff has not exhausted his remedies as to any of those incidents or defendants, his claims must be dismissed as to all the defendants in this action.